[No. A047757. First Dist., Div. Three. Apr. 29, 1991.]

BRENDA J. GAMBLE, Plaintiff and Appellant, v.
GENERAL FOODS CORPORATION, Defendant and Respondent.

COUNSEL

Frederick John James for Plaintiff and Appellant.

Littler, Mendelson, Fastiff & Tichy and Richard N. Hill for Defendant and Respondent.

OPINION

**WHITE, P. J.**—In this action we consider whether a federal court judgment in favor of defendant General Foods Corporation and against plaintiff Brenda J. Gamble on plaintiff's title VII action is a res judicata bar to plaintiff's state-law claim for wrongful termination. We hold that the federal judgment bars plaintiff's state claim and affirm the judgment.

### PROCEDURAL HISTORY

On August 15, 1984, plaintiff filed a civil rights complaint in the United States District Court for the Northern District of California, (hereafter Gamble I) alleging that her employment was terminated as a result of race discrimination in violation of title VII of the Civil Rights Act of 1964 and

42 United States Code section 1981. In that complaint plaintiff sought reinstatement, back wages and benefits and attorney fees.

Pursuant to a status conference order, all pretrial motions were to be heard by July 12, 1985, the discovery cutoff date was August 2, 1985, and trial was set for September 3, 1985. On July 12, plaintiff moved for leave to file an amended complaint in order to add an additional count for wrongful termination based on breach of the covenant of good faith and fair dealing[1] and to join one Michael T. Shade as a party plaintiff. Defendant opposed the motion, arguing that it would be prejudiced by the filing of an amended complaint since the trial date was less than three months away, the discovery cutoff date was only three weeks away, and amendment of the pleadings would necessitate new discovery. Additionally, defendant argued that the new claim could just as easily have been filed at the time of filing the original complaint. The trial judge denied the motion.

Gamble I was subsequently tried and District Court Judge Eugene F. Lynch rejected plaintiff's claim of racial discrimination, concluding that she was terminated for legitimate, nondiscriminatory business reasons. Plaintiff did not appeal the judgment entered against her.

Prior to the time the federal court rendered its decision in Gamble I, plaintiff filed a complaint in the Superior Court of Alameda County[2] (hereafter Gamble II). The complaint alleged, among other things, that defendant had breached an implied-in-fact contract to terminate plaintiff's employment only for good cause as well as the implied covenant of good faith and fair dealing.

Defendant removed Gamble II to the United States District Court on the basis of diversity of citizenship. In an opinion and order dated September 22, 1986, District Court Judge D. Lowell Jensen granted defendant's motion for summary judgment based on the doctrine of res judicata. Plaintiff's motion for reconsideration was subsequently denied.

Plaintiff appealed Judge Jensen's summary judgment ruling to the Ninth Circuit Court of Appeals. That court affirmed the district court's ruling, concluding the plaintiff's wrongful termination claims were barred by the

---

[1] Plaintiff's second cause of action specifically alleged defendant had breached the covenant of good faith and fair dealing by 1) preparing evaluations which were pretextual and in bad faith because defendant had decided to terminate plaintiff without regard to employment performance, and 2) terminating plaintiff because of her knowledge of defendant's unlawful corporate practices in its credit department.

[2] The complaint also named Michael Shade as a plaintiff. However, Shade has not appealed from the judgment.

res judicata effect of the judgment entered in Gamble I. However, in March of 1989, the federal court found that Gamble II improvidently had been removed to federal court, and the case was therefore remanded to the Superior Court of Alameda County.

On August 30, 1989, Superior Court Judge Winton McKibben granted defendant's motion for summary judgment on the ground that the judgment in Gamble I was a res judicata bar to the prosecution of the pending complaint in Gamble II. This appeal followed.

## DISCUSSION

■ Summary judgment is an appropriate remedy when the doctrine of res judicata refutes all triable issues of fact suggested by the pleadings. (*Southwell* v. *Mallery, Stern & Warford* (1987) 194 Cal.App.3d 140, 144 [239 Cal.Rptr. 371].) The issue presented here is the appropriate res judicata analysis and whether it serves as a bar to plaintiff's state claim.

### Res Judicata Analysis

■ It is established that the doctrine of res judicata precludes parties or their privities from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098]; *Koch* v. *Rodlin Enterprises* (1990) 223 Cal.App.3d 1591, 1595 [273 Cal.Rptr. 438].) However, the way in which a court defines "cause of action" differs. The federal courts utilize a transactional analysis; i.e., two suits constitute a single cause of action if they both arise from the same "transactional nucleus of facts" (*Derish* v. *San Mateo-Burlingame Bd. of Realtors* (9th Cir. 1983) 724 F.2d 1347, 1349) or a single "core of operative facts." (*Shaver* v. *F. W. Woolworth Co.* (7th Cir. 1988) 840 F.2d 1361, 1365.) California follows the primary right theory of Pomeroy; i.e., a cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 23, pp. 66-67.) Thus, two actions constitute a single cause of action if they both affect the same primary right. Where, as here, an action is filed in a California state court and the defendant claims the suit is barred by a final federal judgment, California law will determine the res judicata effect of the prior federal court judgment on the basis of whether the federal and state actions involve the same primary right. (*Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 954-955 [160 Cal.Rptr. 141, 603 P.2d 58].)

Defendant's cited authorities do not hold otherwise. *Martin* v. *Martin* (1970) 2 Cal.3d 752 [87 Cal.Rptr. 526, 470 P.2d 662] and its progeny hold that a federal court judgment has the same effect in California courts as it would in a federal court. That is, once a federal order or judgment is rendered, as for instance in district court, that judgment is final for purposes of res judicata until it is reversed on appeal or set aside or modified in the court rendering the order or judgment. (*Id.*, at p. 761.) The California cases cited by defendant do not hold that California courts must employ the transactional approach for the purposes of a res judicata analysis when a prior judgment has been rendered in federal court. Although *Costantini* v. *Trans World Airlines* (9th Cir. 1982) 681 F.2d 1199, 1200 reaches a different conclusion, we believe that court misconstrued the holdings in *Younger* v. *Jensen* (1980) 26 Cal.3d 397 [161 Cal.Rptr. 905, 605 P.2d 813] and *Levy* v. *Cohen* (1977) 19 Cal.3d 165 [137 Cal.Rptr. 162, 561 P.2d 252].

*Plaintiff's Claim Under Primary Right Analysis*

■ Citing *Agarwal* and *Sawyer* v. *First City Financial Corp.* (1981) 124 Cal.App.3d 390 [177 Cal.Rptr. 398], plaintiff contends her federal claim involved a different primary right than that pleaded in her state claim. Whereas her federal claim asserted her right to be free from racial discrimination, her state claim asserted her "right to be [*sic*] recover damages for a breach of contract and to be free from the tortious conduct of her employer."

The fact that California employs the primary right analysis for res judicata purposes does not benefit plaintiff. As previously stated, under the primary right analysis each invasion of a primary right gives rise to a separate cause of action. (*Agarwal* v. *Johnson, supra,* 25 Cal.3d at p. 954.) A single cause of action is based on the harm suffered, rather than the particular legal theory asserted or relief sought by the plaintiff. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593]; *Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441, 447 [164 Cal.Rptr. 913].)

In *Agarwal,* the plaintiff, an East Indian, was terminated from private employment without notice and was unable to find work for 13 months. The plaintiff's former employer made unfavorable statements about him to prospective employers. The plaintiff filed a complaint in state court, alleging causes of action for defamation, infliction of emotional distress and interference with business relationships. He also filed a title VII action in federal court. Prior to the final judgment in the state action, the federal court determined the plaintiff had not met his burden of proving discrimination. The defendants then argued the federal judgment was a res judicata bar to the state action.

Our Supreme Court disagreed, holding that while the federal action was based on the same underlying facts, it did not necessarily follow that the

federal judgment was res judicata. Employing a primary rights analysis, the high court reasoned: "Title VII vests employees with independent federal statutory rights against discriminatory employment practices. It does not supplant state remedies. Accordingly, 'Since monetary damages under title VII are limited to recovery of back pay, alternate causes of action under state law may be particularly important where the discriminatee might recover damages other than back pay.' [Citation.] Defamation and intentional infliction of emotional distress are specifically recognized as potentially available causes of action under state law." (*Agarwal* v. *Johnson, supra,* 25 Cal.3d at p. 955.)

In *Takahashi* v. *Bd. of Trustees of Livingston* (9th Cir. 1986) 783 F.2d 848, the plaintiff was a public school teacher who had a statutory right to be terminated only for good cause. (Ed. Code, § 44932.) When her school district terminated her employment, she filed a mandamus action in state court to compel the district to set aside its decision. Following an adverse judgment in trial court, the Court of Appeal found substantial evidence supported the trial court's finding that cause existed for the plaintiff's dismissal. The plaintiff then filed an action in federal court alleging, among other things, that she had been terminated because of her sex and ethnic origin in violation of 42 United States Code sections 1981 and 1983.

Applying California's primary right analysis, the Ninth Circuit affirmed the dismissal of the federal court action on res judicata grounds. The court reasoned: "Takahashi's first action was based on the invasion of her contractual right to employment by the District. In that litigation, Takahashi challenged the Commission's finding that cause existed for the termination of her contract . . . . ■ ■ [¶] In the present action, the identical primary right—the contractual right to employment—is at stake." (*Takahashi, supra,* 783 F.2d at p. 851, fn. omitted.)[3]

On the other hand, in *Garrett* v. *City and County of San Francisco* (9th Cir. 1987) 818 F.2d 1515, a firefighter was discharged for having taken 13 silver dollars from the scene of a fire. The dismissal was upheld in the Superior Court of San Francisco and the California Court of Appeal. While the state court proceedings were still pending, the plaintiff commenced a title VII action in federal district court. The federal district court granted defendant's motion for summary judgment on the ground that there was no material issue of fact "given the hearing procedure, the nature of the violation, the overwhelming evidence of Garrett's guilt, and the lack of evidence

---

[3] Although public employment in California is not held by contract but by statute and no public employee has a contractual right to continued employment (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 23-24 [276 Cal.Rptr. 303, 801 P.2d 1054]; *Miller* v. *State of California* (1977) 18 Cal.3d 808, 813-814 [135 Cal.Rptr. 386, 557 P.2d 970]), we think the Ninth Circuit's analysis of the primary right involved, i.e., the right to employment, is still valid.

of disparate treatment . . . ." (*Id.*, at p. 1517.) On appeal the Ninth Circuit reversed the lower court's judgment, finding the trial judge had failed to exercise discretion in denying the plaintiff's discovery motion. The appellate court also found the plaintiff was not collaterally estopped from litigating his title VII claim. The court reasoned that there was no showing that a disparate treatment issue was actually litigated in the state trial court and the state appellate decision was ambiguous; therefore there was an insufficient basis to permit the application of collateral estoppel. (*Id.*, at p. 1520.)

We believe *Garrett* was wrongly decided. Although the decision purports to follow California law (*Garrett v. City and County of San Francisco, supra,* 818 F.2d at p. 1520), it neither discusses primary rights nor acknowledges the existence of *Takahashi*. This view is reinforced by footnote 7 in *Garrett* which states: "Res judicata (claim preclusion) cannot apply because state courts lack subject matter jurisdiction of Title VII claims. [Citation.]" If the *Garrett* court had been aware that California law employs a primary rights analysis for res judicata purposes, it would have recognized the doctrine of res judicata (claim preclusion), rather than collateral estoppel (issue preclusion), applied in that case, since both actions involved the primary right to employment.

We see no distinction between the primary right asserted in *Takahashi* and the case at bench. In both cases the asserted primary right is the right to employment.[4] Although plaintiff's state claim also alleges defendant tortiously breached its duty of good faith and fair dealing, that claim is unavailable to plaintiff as a result of our Supreme Court's decision in *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 700 [254 Cal.Rptr. 211, 765 P.2d 373] (tort remedy unavailable for breach of implied covenant in employment contract). Finally, plaintiff claims the tort of "negligent misrepresentation" remains available to her. However, as she acknowledges, she never stated a separate cause of action for this tort and may not do so for the first time on appeal.

This case is clearly distinguishable from *Agarwal*, wherein the plaintiff's title VII federal claim was to remedy the economic loss in wages, while the state action was for defamation and intentional infliction of emotional distress. (*Agarwal v. Johnson, supra,* 25 Cal.3d at p. 955.) Similarly, the case differs from *Sawyer* in that the Sawyers' first action was based on contract

---

[4]In *Johnson v. American Airlines, Inc.* (1984) 157 Cal.App.3d 427, 433 [203 Cal.Rptr. 638], we stated that the primary right in that case was the same as that which had been asserted in the prior federal case; i.e., the right to be free from employment discrimination based on sex. However, in *Johnson*, it was unnecessary to consider the actual harm or injury (the loss of employment during maternity leave). *Johnson* does not hold that the primary right not to be discriminated against is separate from the primary right to employment.

rights whereas their second action was grounded on fraud. (*Sawyer* v. *First City Financial Corp.*, *supra*, 124 Cal.App.3d at pp. 402-403.)

*Misrepresentation Exception*

■ Plaintiff's complaint alleges that defendant erroneously computed her competency score as a "4.9" (competent-minus) rather than a "5.1" (competent), thus leading to her probation and subsequent termination. Defendant concedes that it made this error. Plaintiff contends defendant's misrepresentation of plaintiff's score, which was discovered after the federal action was filed and material to her employment claim, allows plaintiff to avoid the bar of res judicata.

Comment j of section 26 of the Restatement Second of Judgments provides in pertinent part: "A defendant cannot justly object to being sued on a part or phase of a claim that the plaintiff failed to include in an earlier action because of the defendant's own fraud . . . . [¶] The result is the same when the defendant was not fraudulent, but by an innocent misrepresentation prevented the plaintiff from including the entire claim in the original action." This rule has been adopted in California. (See *Mattson* v. *City of Costa Mesa*, *supra*, 106 Cal.App.3d at p. 449.) However, we do not find it applicable to the present action.

Although plaintiff asserts she did not discover the misrepresentation until discovery in Gamble I, the issue appears to have been litigated in the federal action. The memorandum opinion in Gamble I states: "Mr. Wood also testified that even though her former evaluation score was 5.1, which put her in the competent range, that it was still appropriate at that time to put her on probation. He agreed with Cudney that in order to evaluate how the plaintiff was doing, one had to look at the report as a whole, and when he looked at it in this fashion, he determined that the plaintiff clearly was not doing well, and in fact, her performance was clearly unsatisfactory, even though the score taken as a whole might have shown competence and might have merited a competent rating." Since the misrepresentation issue was considered by the federal district court and no appeal was taken from that judgment, it cannot stand as an exception to our res judicata analysis.

*Estoppel*

■ Plaintiff maintains that because defendant opposed plaintiff's motion to consolidate her state claim with her title VII claim in federal court, it is estopped from presenting a res judicata defense. The contention lacks merit.

■ The applicable rule on this issue is settled: " 'The rule undoubtedly is that a former judgment between the parties to an action is conclusive in all subsequent actions involving the same question, not only as to the mat-

ters actually decided in the former controversy, but as to all matters belonging to the subject of the controversy and properly within the scope of the issues which also might have been raised and determined; the presumption being that all such issues were presented and decided. [Citations.]

" 'As to matters, however, which might have been litigated and decided in a former suit as within the scope of the issues, but which were not actually or expressly in issue and adjudicated, only a presumption is indulged in that they were decided. This presumption is, however, a disputable one and may be overcome by showing that although a particular matter was involved in the former action, it was by consent of the parties withdrawn from consideration at the trial and did not at all enter into or constitute any part of the verdict of the jury or final determination of that action. If this is the situation . . . defendant certainly cannot invoke the doctrine of *res adjudicata* against . . . plaintiff . . . . He cannot assert the conclusiveness of the former judgment on that matter if he consented with plaintiff that it might be withdrawn from consideration by the jury as an issue in the former action and it was in fact withdrawn.' " (*United Bank & Trust Co.* v. *Hunt* (1934) 1 Cal.2d 340, 346 [34 P.2d 1001], quoting *Southern Pac. Co.* v. *Edmunds* (1914) 168 Cal. 415, 418 [143 P. 597].)

 The difficulty with plaintiff's application of this rule to the instant action is that the state-action claim which plaintiff attempted to include in her federal suit involved either the same primary right asserted in her title VII claim or is precluded by *Foley*. Moreover, unlike the circumstances in *United Bank*, plaintiff's motion to amend her federal complaint was not timely. Consequently, defendant is not estopped from asserting the defense of res judicata.

The judgment is affirmed.

Strankman, J., and Chin, J., concurred.

A petition for a rehearing was denied May 28, 1991, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 25, 1991.