51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles EMMETT, Plaintiff-Appellant,
v.
LAWRY'S RESTAURANTS, INC.; David E. Stockman, Defendants-Appellees.
 No. 93-56262.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1995.
Decided March 31, 1995.
 
 Before: BROWNING, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Emmett appeals pro se the district court's dismissal of some of his claims, and grant of summary judgment regarding the remainder of his claims against Lawry's Restaurants, Inc. ("Lawry's") and David Stockman, Lawry's vice-president of operations, for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e to 2000e-17, wrongful discharge, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Because we conclude that all claims in Emmett's federal action are barred by principles of res judicata, we affirm.[1]
 
 
 4
 * Charles Emmett was discharged in July of 1991 from his job as a bartender at Lawry's The Prime Rib restaurant in Beverly Hills, California. Emmett soon filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation. On March 23, 1992, the EEOC declined to pursue the charges and issued a "right to sue" letter, informing Emmett that he had 90 days in which to file an action in court if he so desired.
 
 
 5
 On November 5, 1991, several months after Emmett filed the EEOC charges, but before issuance of the "right to sue" letter, Emmett filed a complaint in Los Angeles County Superior Court alleging causes of action for wrongful discharge, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress (collectively the "state claims"). On May 14, 1993, summary judgment was granted to Lawry's and Stockman on the grounds that no disputes of material fact existed and that as a matter of law Emmett could prevail on none of the claims. Emmett did not appeal.
 
 
 6
 While the proceedings in state court were ongoing, Emmett commenced his federal action on June 10, 1992, alleging causes of action for race discrimination, wrongful discharge, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress (collectively the "federal claims"). The district court disposed of all claims either by dismissal under Federal Rule of Civil Procedure 12(b) or on motion for summary judgment, and Emmett appealed.
 
 II
 
 7
 We review a dismissal of a complaint and a grant of summary judgment de novo. See Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We can affirm the district court on any basis supported by the record, even if the district court did not rely on that basis. United States v. State of Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 8
 Lawry's and Stockman argue that Emmett's federal claims are barred by res judicata. Although Stockman raised this issue in the district court in a motion for summary judgment, the district court declined to rely on it because the state court judgment was not yet final. The judgment has now become final, and we agree with Lawry's and Stockman.
 
 
 9
 A federal court must accord a final state court judgment the same full preclusive effect that would be given that judgment under the law of the state in which the judgment was entered. 28 U.S.C. Sec. 1738 (affording state judicial proceeding "full faith and credit" in federal court); Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993); Pension Trust Fund for Operating Eng'rs v. Triple A Machine Shop, Inc., 942 F.2d 1457, 1460 (9th Cir.1991). Under California law, a valid final judgment on the merits will preclude further litigation on the same cause of action between the same parties. Slater v. Blackwood, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 226, 543 P.2d 593, 594 (1975) (en banc); 7 B.E. Witkin, California Procedure Sec. 249, at 687 (3d ed. 1985). A judgment is final when it is "free from direct attack." Id. Sec. 212, at 649-50. When two actions are pursued simultaneously, the first final judgment to be entered is entitled to res judicata effect. Charles A. Wright, Arthur R. Miller & Edward Cooper, Federal Practice & Procedure: Jurisdiction Sec. 4404, at 22-23 (1981).
 
 
 10
 California employs the "primary rights" theory to determine the scope of causes of action. Agarwal v. Johnson, 25 Cal.3d 932, 954, 160 Cal.Rptr. 141, 155, 603 P.2d 58, 72 (1979) (en banc). A plaintiff is required, in one cause of action, to bring all claims and legal theories arising out of the invasion of one primary right or one injury. 7 Witkin Sec. 244, at 682-84; Freidberg v. Cox, 197 Cal.App.3d 381, 387-88, 242 Cal.Rptr. 851, 855 (1987); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035-36 (9th Cir.1990), cert. denied, 502 U.S. 957 (1991). In determining the parameters of the primary right, "the significant factor is the harm suffered." Agarwal, 25 Cal.3d at 954, 160 Cal.Rptr. at 155.
 
 
 11
 In California, as in most states, the doctrine of res judicata bars not only those claims that are actually litigated in a prior proceeding, but also claims that could have been litigated as long as the claims arise from the same primary right. See Palomar, 989 F.2d at 364; 7 Witkin Sec. 244, at 682-83; see also Wright, Miller & Cooper Sec. 4406, at 43-45.
 
 
 12
 Here, summary judgment was granted to Lawry's and Stockman in state court on May 14, 1993. S.E.R. 226; see 7 Witkin Sec. 219, at 655 (judgment granted after "motion for summary judgment is as final and conclusive a determination of the merits as a judgment after trial"). The period in which Emmett could file a notice of appeal expired, at the latest, on or about November 14, 1993. 9 Witkin Sec. 382, at 384 (notice of appeal must be filed within 180 days after entry of judgment). The defendants named in Emmett's federal action are identical to those named in the state action. Compare S.E.R. 59-67 (Emmett's federal complaint) with S.E.R. 209-16 (Emmett's state complaint).
 
 
 13
 We first address Emmett's federal claims for wrongful discharge, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. These same four claims were raised by Emmett in California state court. Because the claims are identical, and the judgment against Emmett in state court is final, Emmett is barred by res judicata from relitigating them in federal court.
 
 
 14
 We must employ a different analysis in considering whether Emmett can maintain his Title VII claim in federal court. Emmett did not raise this claim in his state court action; thus, it will be barred only if it arises out of the same "primary right" that was at issue in state court. We conclude that it does.
 
 
 15
 Applying California law, we look to the harm suffered by Emmett. In our judgment, the harm suffered was that Emmett was discharged from his employment at Lawry's. All claims or legal theories designed to obtain relief as a result of the discharge arise out of the same primary right. Emmett's four alleged causes of action in state court, wrongful discharge, the two contract claims and intentional infliction of emotional distress, involve the primary right to employment and address the same harm--Emmett losing his job. It is of no moment that Emmett now maintains that the discharge resulted from racial animus. This asserted new cause of action is merely another theory by which Emmett seeks redress for the harm caused by his discharge. California's primary rights doctrine bars this claim.
 
 
 16
 The racial discrimination claim could have been brought with the related claims in state court. See Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 821 (1990) (state courts have concurrent jurisdiction to adjudicate Title VII claims). At the time Emmett filed an action in state court, he must have been aware of the existence of a race discrimination claim because he had already filed a charge with the EEOC. While the right-to-sue letter was not issued until after Emmett had filed his state court action, he could have filed an amended complaint at any time adding the race discrimination claim. When Emmett chose to avail himself of a state forum to litigate claims involving his discharge, he had an obligation to include all legal theories under which he might recover damages. He could have waited for the right-to-sue letter and then proceeded to federal court to litigate all claims, but he chose otherwise.
 
 
 17
 Our conclusion is supported by California authority. In Takahashi v. Board of Education, 202 Cal.App.3d 1464, 1474-78, 249 Cal.Rptr. 578, 584-86 (1988), cert. denied, 490 U.S. 1011 (1989), the plaintiff brought unsuccessful state and federal actions alleging various grounds for recovering damages as a result of a discharge from employment. While holding that the plaintiff's subsequent state action was barred by res judicata, the California Court of Appeal noted that "[a]ll of plaintiff's alleged causes of action in this consolidated action arise in conjunction with or as a result of the alleged wrongful termination of her employment. Indeed, plaintiff specifically alleges that each act complained of caused the dismissal ... or was a consequence of the termination ..., part and parcel of the violation of the single primary right, the single harm suffered." Id. at 1476, 249 Cal.Rptr. at 585.
 
 
 18
 We also find support in the California Court of Appeal's decision in Gamble v. General Foods Corp., 229 Cal.App.3d 893, 898-903, 280 Cal.Rptr. 457, 459-62 (1991). In Gamble, the plaintiff brought a Title VII claim in federal court, where a judgment was rendered in favor of the defendant. The plaintiff then filed a claim in state court for wrongful termination. When the defendant raised res judicata as a defense, the plaintiff argued that "her federal claim asserted her right to be free from racial discrimination, [while] her state claim asserted her right to be [sic] recover damages for a breach of contract and to be free from the tortious conduct of her employer." Id. at 899, 280 Cal.Rptr. at 460 (internal quotation marks omitted). The Court of Appeal held that the state claim was barred by res judicata, noting that "the asserted primary right is the right to employment." Id. at 901, 280 Cal.Rptr. at 462.
 
 
 19
 Here, Emmett's asserted primary right is the same as that of the plaintiff in Gamble, the right to employment. Emmett's alleged Title VII cause of action and wrongful discharge cause of action are both legal theories designed to remedy the same harm, and they involve the same primary right. Emmett could have brought his Title VII claim with his state court action. His failure to do so constitutes a bar to bringing the Title VII claim in federal court.
 
 III
 
 20
 Finally, we briefly address Emmett's contention that the district court erred in denying two motions for a default judgment against Lawry's and Stockman. We review for abuse of discretion the denial of a motion for a default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986).
 
 
 21
 The district court was correct for two reasons. First, Emmett never sought the required entry of default by the clerk pursuant to Fed.R.Civ.P. 55(a). See William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, Federal Civil Procedure Before Trial Sec. 6:36, at 6-7 (1991) ("entry of default is the essential first step in obtaining a default judgment for failure to respond"). Second, Emmett sought the default judgments after he attempted to serve the defendants by mail. The defendants' failure to return the acknowledgment form rendered the service ineffective. Mason v. Genisco Technology Corp., 960 F.2d 849, 852 (9th Cir.1992); Former Fed.R.Civ.P. 4(c)(2)(C)(ii). Improper or insufficient service of process cannot support the entry of a default judgment, even if the defendant has actual notice of the action, because the court has not yet acquired personal jurisdiction over the defendant. Mason, 960 F.2d at 851; Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir.1988).
 
 
 22
 Emmett also sought a default judgment following his second effort to serve Lawry's and Stockman. The district court did not abuse its discretion in denying this motion for a default judgment because the defendants' time to answer had not yet expired.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court did not base its dismissal and summary judgment disposing of Emmett's claims on res judicata grounds. Rather, Emmett's claims against Lawry's were dismissed because of insufficient service of process. The district court granted summary judgment to Stockman on Emmett's Title VII claim and his contract claims on the grounds that Stockman was not a defendant against whom those claims could be maintained. The district court declined to exercise supplemental jurisdiction over the remaining two state law claims against Stockman
 Emmett argues that the district court erred in each of its determinations. We have examined carefully each of Emmett's arguments, and at least one of them, the claim involving whether service of process on Lawry's was insufficient, may have merit. See Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir.1994), cert. denied, 63 U.S.L.W. 3657-58 (U.S. Mar. 6, 1995). Ultimately, whether Emmett prevails on this issue is not dispositive. Because we conclude that Emmett's entire federal action is barred by res judicata, we need not address Emmett's other contentions of error.