57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joe B. RITCHEY, Plaintiff-Appellant,
v.
UPJOHN DRUG COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 94-15171.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe B. Ritchey appeals the district court's summary judgment for defendant Upjohn Drug Company ("Upjohn") based on the statute of limitations in his personal injury diversity action. Ritchey alleged that he suffered injury as a result of his ingestion of the prescription medication Halcion. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review de novo the district court's ruling on the appropriate state statute of limitations. F.D.I.C. v. McSweeney, 976 F.2d 532, 534 (9th Cir.1992), cert. denied, 113 S.Ct. 2440 (1993). "While resolution of the statute of limitations issue is normally a question of fact, where the uncontradicted facts established through discovery are susceptible of only one legitimate inference, summary judgment is proper." Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1112 (1988).
 
 
 4
 Under California Civil Procedure Code Sec. 340(3), "any action for personal injuries ... must be brought within one year of its accrual." Ward v. Westinghouse Can. Inc., 32 F.3d 1405, 1407 (9th Cir.1994). While an action generally accrues on the date of injury, "under the California delayed discovery rule, 'the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause.' " Id. (quoting Jolly, 44 Cal.3d at 1109). Specifically, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing [and/or] ... once the plaintiff has notice or information of circumstances to put a reasonable person on inquiry." Jolly, 44 Cal.3d at 1110-11 (internal quotations omitted). Furthermore, "[t]o determine which statutory period applies, California courts look to the substance or gravamen of the complaint." McSweeney, 976 F.2d at 534; see also Hensler v. City of Glendale, 8 Cal.4th 1, 22 (1994), cert. denied, 115 S.Ct. 1176 (1995).
 
 
 5
 Here, Ritchey filed suit on March 10, 1990. The district court found that no genuine issue of fact existed as to when Ritchey became suspicious of wrongdoing because (1) Ritchey's criminal appeal, filed on March 3, 1989, noted that "numerous studies have revealed that Halcion in fact induces delusions and paranoia and insanity," (2) Ritchey had called a psychiatrist in August, 1988, and asked if the psychiatrist would "talk to attorneys" about research Ritchey had done on Halcion, (3) Ritchey had sent a letter to his defense attorney dated November 4, 1988, informing him "that adverse reactions from Halcion may include 'inappropriate abnormal and bizarre behavior,' " and (4) Ritchey was sent the results of a computer search on November 3, 1988, which listed numerous articles on adverse reactions to Halcion.
 
 
 6
 Because Ritchey had "notice or information of circumstances to put a reasonable person on inquiry" over one year before filing this action, the district court correctly found that Ritchey's claims were barred by the statute of limitations. See Jolly, 44 Cal.3d at 1110-11. In addition, the district court correctly applied California's one year statute of limitations because personal injury was the "gravamen" of Ritchey's complaint. See McSweeney, 976 F.2d at 534.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the parties' requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Accordingly, Upjohn's motion to strike is dismissed as moot