**Joe B. RITCHEY, Plaintiff—Appellant,**

v.

**William DEMENT; et al.,**
**Defendants—Appellees.**

**No. 01–15276.**
**D.C. No. CV–00–20103–RMW.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Joe B. Ritchey appeals pro se the district court's order denying his motion for

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

remand and dismissing his action without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion for remand de novo. *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir.1998), *amended by* 140 F.3d 849 (9th Cir.1998). We also review a dismissal without leave to amend de novo. *Schmier v. U.S.Ct. of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir.2002). We affirm.

Ritchey alleged that the appellees engaged in the spoliation of evidence to defeat his two prior lawsuits against Upjohn Drug Company and others arising from his ingestion of the prescription drug Halcion. This court affirmed the dismissal of those two prior lawsuits on statute of limitations grounds. *See Ritchey v. Upjohn Drug Co.*, No. 94–15171, 1995 WL 341572 (9th Cir. June 8, 1995) ("*Ritchey I* "); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) ("*Ritchey II* ").

The district court properly denied Ritchey's motion to remand this action to state court because this court has already held that Dr. William Dement was fraudulently joined to defeat diversity jurisdiction. *See Ritchey II*, 139 F.3d at 1320.

The district court also properly dismissed the current action on res judicata grounds. *See Ritchey I*, 1995 WL 341572, at *1; *Ritchey II*, 139 F.3d at 1320; *see also Gamble v. Gen. Foods Corp.*, 229 Cal. App.3d 893, 280 Cal.Rptr. 457, 460 (1991) ("A single cause of action is based on the harm suffered, rather than the particular legal theory asserted or relief sought by the plaintiff."). In addition, the district court properly dismissed Ritchey's spoliation cause of action because California does not recognize that tort. *See Temple Cmty. Hosp. v. Superior Court of Los Angeles County*, 20 Cal.4th 464, 478, 84 Cal. Rptr.2d 852, 976 P.2d 223 (1999) (spoliation by a non-party); *Cedars–Sinai Med. Ctr. v. Superior Court of Los Angeles County*, 18 Cal.4th 1, 17, 74 Cal.Rptr.2d 248, 954 P.2d 511 (1998) (spoliation by a party).

Ritchey's remaining contentions lack merit.

We deny all pending motions.

AFFIRMED.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

