**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | No. 12-50471 |
| Plaintiff – Appellee, | D.C. No. 2:11-cr-01153-RGK-1 |
| v. | MEMORANDUM[*] |
| MICHAEL CHARLES NEWMAN, | |
| Defendant – Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 6, 2014[**]
Pasadena, California

Before:     PREGERSON, MURPHY,[***] and BERZON, Circuit Judges.

Defendant-Appellant, Michael Charles Newman, pleaded guilty to two

counts of possessing images of obligations of the United States with intent to

---

[*]     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

defraud. Newman appeals the district court's denial of his motion to suppress evidence found during two vehicle stops. This court conducts a de novo review of a district court's denial of a motion to suppress evidence. *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). In connection with that review, we accept the court's factual findings unless clearly erroneous and give "special deference" to credibility determinations based on the testimony of witnesses. *Id.* Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the denial of Newman's suppression motion.

1. Newman argues the stop on July 2, 2011, was not justified at its inception. *See United States v. Christian,* 356 F.3d 1103, 1105–06 (9th Cir. 2004). The Government asserts this appellate claim is waived because Newman failed to raise it before the district court.[1] *See A-1 Ambulance Serv., Inc. v. Cnty. of Monterey*, 90 F.3d 333, 338 (9th Cir. 1996). We agree. "By failing to comply with [Federal Rule of Criminal Procedure] 12, [Newman] waived any dispute about the legality of his arrest and placed the issue beyond this court's ability to review for plain error." *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000). Newman has not shown good cause for that failure. *See id.* at 1027. Newman argues he is not raising a new issue, but instead simply advancing a new theory to support the Fourth Amendment issue he raised below. This argument is

---

[1]Newman specifically represented to the district court that he was "not pursuing the unlawfulness of the initial traffic stop[] in July."

unavailing. Before the district court, Newman challenged his arrest pursuant to a facially valid warrant issued for someone else. On appeal, he challenges the validity of the initial traffic stop—an entirely different Fourth Amendment claim. *See id.* at 1026. Accordingly, we conclude Newman's appellate challenge to the July 2011 traffic stop is waived.

**2.** Newman next argues the Government failed to meet its burden of justifying the warrantless search of his vehicle on October 20, 2011. Under the automobile exception to the warrant requirement, police officers may conduct a warrantless search of a vehicle if they have probable cause to believe it contains contraband or evidence of criminal activity. *Chambers v. Maroney*, 399 U.S. 42, 50–52 (1970). "An officer will have probable cause to search if there is a fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of circumstances." *United States v. Cervantes*, 703 F.3d 1135, 1139 (9th Cir. 2012) (quotations omitted).

Officer Cahalan began his search of Newman's vehicle after first smelling the odor of marijuana and observing a canine alert to both the center console and a black bag in the trunk. Further, Newman had admitted there was marijuana in the vehicle. After Officer Cahalan found a green leafy substance consistent with marijuana in the center console, he ran his hand along the vehicle's headliner and detected paper positioned between the headliner and the ceiling of the vehicle. He testified he searched this area because he had, on "numerous occasions,"

previously found narcotics and other contraband concealed in headliners. When Officer Cahalan felt the paper, he became suspicious that illegal contraband was hidden in the headliner because, as he testified, "it's very unusual for people to put things in their headliner."

Newman argues there was no probable cause to believe drugs were hidden in the headliner of his vehicle because Officer Cahalan felt paper, not marijuana, when he ran his hand along the headliner. Under the automobile exception, officers may search "every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982). Based on the information known to Officer Cahalan at the time he searched the vehicle, coupled with his experience and training, there was a fair probability he would find either drugs or evidence relating to drug crimes secreted in the headliner of Newman's vehicle. Accordingly, the warrantless search was supported by probable cause and falls within the automobile exception.

The judgment of the district court denying Newman's suppression motion is **AFFIRMED**.