OPINION
PER CURIAM:
California law requires that all persons arrested for or charged with any felony or attempted felony submit DNA samples for inclusion in law enforcement databases. Cal.Penal Code § 296(a)(2), (4). Plaintiffs brought a class action under 42 U.S.C. § 1983, alleging that the law is unconstitutional on its face and as applied to the certified class, which includes “[a]ll persons who are, or will be, compelled to submit to the search and seizure of their body tissue and DNA under California Penal Code § 296(a)(2)(C) solely by reason of the fact that they have been arrested for, or charged with, a felony offense by California state or local officials.” The district court denied a motion for a preliminary injunction, Haskell v. Brown, 677 F.Supp.2d 1187, 1189-90 (N.D.Cal.2009), and plaintiffs appealed, 28 U.S.C. § 1292(a)(1).
A plaintiff seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) that he *1271 is likely to suffer irreparable harm in the absence of an injunction, (3) that the balance of equities favors his position and (4) that the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Winter “requires the plaintiff to make a showing on all four prongs.” Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir.2011). Here, the plaintiffs cannot show that they will likely succeed on the merits.
Plaintiffs’ facial and as-applied challenges turn on essentially the same question: Is California’s DNA collection scheme constitutional as applied to anyone “arrested for, or charged with, a felony offense by California state or local officials?” After Maryland v. King, — U.S. -, 133 S.Ct. 1958, 186 L.Ed.2d 1 (2013), the answer is clearly yes. Plaintiffs’ counsel conceded as much at oral argument. Given that concession, plaintiffs cannot show that the district court abused its discretion in denying a preliminary injunction that would apply to the entire class. See Winter, 555 U.S. at 20, 129 S.Ct. 365; Alliance for the Wild Rockies, 632 F.3d at 1131.
Plaintiffs ask us to enter a preliminary injunction applicable only to a smaller class consisting of individuals arrested for certain felonies that are not, in plaintiffs’ view, covered by Maryland v. King. But we are a court of review, not first view: We are limited to deciding whether the district court abused its discretion in denying the injunction plaintiffs sought. See Bull v. City & Cnty. of S.F., 595 F.3d 964, 967-68 (9th Cir.2010) (en banc). If plaintiffs believe they’re entitled to a preliminary injunction as to a smaller class, they are free to seek it from the district court and we will review it if and when it is presented to us.
AFFIRMED.