**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMAL GHANNAM GUSTAFSON, an individual,

Plaintiff - Appellant,

v.

U.S. BANK N.A., as Trustee for BAFC 2007-4, Erroneously Sued As US Bank as Trustee for BAFC 2007-4; SUNTRUST MORTGAGE, INC., a Virginia Corporation; MTC FINANCIAL, INC., DBA Trustee Corps,

Defendants - Appellees.

No. 13-57053

D.C. No. 2:13-cv-05916-PSG-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted July 10, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Amal Gustafson appeals the district court's dismissal of this action as claim-precluded by the judgment in an earlier case, *Gustafson v. SunTrust Mortgage, Inc.*, No. 2:13-cv-01502 (C.D. Cal. July 12, 2013) ("*Gustafson I*").  We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

The district court concluded that the judgment in *Gustafson I* operated as claim preclusion because the two suits "ar[o]se from the same 'transactional nucleus of facts'" because they "relate[d] to the same subject note, subject deed of trust, and subject property."  *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).  Contrary to the district court's analysis, however, we apply state law, not federal law, to determine the effect of the prior dismissal in this diversity case.  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001).  Under California preclusion law, the question is not whether the two suits "arise out of the same transactional nucleus of facts," but whether the plaintiff seeks to vindicate the same "primary right" in both suits.  *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010); *see also Gamble v. General Foods Corp.*, 229 Cal. App. 3d 893, 898 (1991).

We have no difficulty concluding that Gustafson did not seek to vindicate the same "primary rights" in *Gustafson I* as in this suit.  *Gustafson I* concerned the defendants' conduct during the origination of Gustafson's mortgage.  This suit

concerns the defendants' conduct during the servicing of Gustafson's mortgage. Gustafson brought different claims in each suit, and to remedy different wrongs. Indeed, Gustafson's second suit is based on SunTrust's April 3, 2013, notice of default, which had not even been recorded when she brought *Gustafson I*. We doubt that the dismissal in *Gustafson I* would bar this suit under federal law, and it certainly does not bar this suit under California law. The district court erred in dismissing Gustafson's second action on claim preclusion grounds, as Defendants concede in their briefing before this court.

We decline Defendants' invitation to affirm the judgment on the alternative ground that Gustafson's complaint failed to state a claim. *See Haskell v. Harris*, 745 F.3d 1269, 1271 (9th Cir. 2014) ("[W]e are a court of review, not first view."). We express no view on the merits of Gustafson's claims and remand the case to the district court to conduct the analysis in the first instance.

**REVERSED and REMANDED.**[1]

---

[1] Defendants' Motions for Judicial Notice are hereby DENIED.