NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIAN A. POLLOK, Plaintiff-Appellant, v. VANGUARD FIDUCIARY TRUST COMPANY, Defendant-Appellee. | No. 18-55818 D.C. No. 2:18-CV-01099-JLS-JCG MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted July 9, 2019
Submission Vacated August 6, 2019
Resubmitted January 3, 2020
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and AMON,** District Judge.

Appellant Julian Pollok initiated two separate diversity actions against various

Vanguard entities, both alleging mishandling of funds contained in a brokerage

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

account and an IRA opened by Dr. Edward S. Salkin, of which Pollok claims to be the beneficiary. The district court granted summary judgment in favor of the Vanguard Defendants in the earlier-filed action (the "Tort Action") based on the economic loss rule, and we affirmed in Case No. 17-56814. After the district court granted summary judgment in the Tort Action but before we affirmed on appeal, Pollok filed a second action in the district court (the "Contract Action") against Vanguard Fiduciary Trust Company ("VFTC"). The district court granted VFTC's motion to dismiss the Contract Action, applying federal preclusion principles in its claim-splitting analysis to hold that the Contract Action could not be filed separately from the Tort Action. Pollok appeals that decision.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We agree with Pollok that the district court erred in applying federal claim preclusion rather than state claim preclusion. We nevertheless affirm because the application of state claim preclusion leads to the same outcome: Pollok's initiation of the Contract Action constituted improper claim splitting. Since all appeals in the Tort Action are now completed, we also find that the Contract Action is at this point barred by the doctrine of res judicata.

I.    Choice of Law

The district court erred in applying federal preclusion law in its claim-splitting analysis because federal courts apply state preclusion law in analyzing the preclusive

2

effect of a prior federal diversity judgment. In *Semtek International Inc. v. Lockheed Martin Corporation*, 531 U.S. 497, 508 (2001), a unanimous Supreme Court held that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." The *Semtek* Court went on to conclude that "the federally prescribed rule of decision [is] the law that would be applied by state courts in the State in which the federal diversity court sits." *Id.*

At least one California intermediate court has interpreted *Semtek* to require state preclusion law to govern the preclusive effect of prior federal diversity judgments. *See Johnson v. GlaxoSmithKline, Inc.*, 83 Cal. Rptr. 3d 607, 615, 623–24 (Ct. App. 2008). *But see Louie v. BFS Retail & Commercial Operations, LLC*, 101 Cal. Rptr. 3d 441, 448–49 (Ct. App. 2009) (applying federal standards to determine preclusive effect of federal court judgment in federal question action). The approach in *Johnson* is consistent with how California courts addressed whether to give an earlier federal court judgment preclusive effect prior to *Semtek*. *See City of Simi Valley v. Superior Court*, 4 Cal. Rptr. 3d 468, 472 (Ct. App. 2003); *Gamble v. Gen. Foods Corp.*, 280 Cal. Rptr. 457, 460 (Ct. App. 1991); *Lucas v. County of Los Angeles*, 54 Cal. Rptr. 2d 655, 662 (Ct. App. 1996). This Court is bound to follow these state appellate cases "unless there is convincing evidence that the highest court of the state would decide differently." *In re Watts*, 298

3

F.3d 1077, 1083 (9th Cir. 2002) (quoting *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)). We find that there is no such evidence.

II.    Application of State Claim Preclusion to Claim-Splitting Analysis

Under California law, claim preclusion requires, in addition to a final judgment on the merits, that both "[a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding" and "the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2000) (internal quotation marks and citation omitted).

A. Identical Claims

California utilizes the "primary rights theory," which states that "two actions constitute a single cause of action if they both affect the same primary right." *Gamble*, 280 Cal. Rptr. at 460; *see also Gustafson v. U.S. Bank N.A.*, 618 F. App'x 921, 922 (9th Cir. 2015) ("Under California preclusion law, the question is not whether the two suits 'arise out of the same transactional nucleus of facts,' but whether the plaintiff seeks to vindicate the same 'primary right' in both suits." (citations omitted)). "[U]nder the primary rights theory, the determinative factor is the harm suffered." *Boeken*, 230 P.2d at 348. "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* Here, both the Contract Action and the Tort Action seek to

4

redress identical harm: the loss of value in Salkin's brokerage account and IRA as a result of the failure of Vanguard and VFTC to turn over the accounts on Pollok's demands. Therefore, we conclude that the Contract Action and the Tort Action involve the same primary right, satisfying the first prong of California's claim preclusion analysis.

B. Privity

California claim preclusion law requires "the sharing of an identity or community of interest, with adequate representation of that interest in the first suit, and circumstances such that the nonparty should reasonably have expected to be bound by the first suit." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387–88 (Cal. 2015) (internal quotation marks and citation omitted). Here, VFTC is a wholly owned subsidiary of the Vanguard Group, Inc., one of the defendants in the Tort Action. We are satisfied that such a relationship meets California's privity requirement. *See Stafford v. Russell*, 255 P.2d 872, 873 (Cal. Ct. App. 1953) (concluding that a corporation and its "principal stockholder and guiding hand" were in privity); *see also* Restatement (Second) of Judgments § 59(3)(b) ("The judgment in an action . . . against the holder of ownership in the corporation is conclusive upon the corporation . . . ."). Because we hold that VFTC and Vanguard Group, Inc. are privies under California law, the second prong of California's claim preclusion analysis is satisfied.

5

C. Suit Pending

We assume without deciding that California's doctrine against claim splitting has a concurrent pendency requirement. Under California law, the Tort Action was still pending when Pollok filed the Contract Action. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stites Prof'l Law Corp.*, 1 Cal. Rptr. 2d 570, 574 (Ct. App. 1991) ("When . . . a judgment is still open to direct attack by appeal or otherwise, it is not final and the doctrines of res judicata and collateral estoppel do not apply."). Therefore, we conclude that Pollok improperly split his claims by filing the Contract Action.

We note that even if federal finality rules apply, such that the Tort Action was final following the district court's summary judgment decision, *see Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988), the Contract Action would have been barred by res judicata for the same reasons laid out in the state claim preclusion analysis. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (noting claim splitting "borrow[s] from the test for claim preclusion"), *overruled on other grounds by Taylor v. Sturgell*, 533 U.S. 880, 904 (2008).

III.    Res Judicata

Because the parties to the Tort Action have informed us that all appeals in the Tort Action are completed, (Docket No. 40), the Tort Action is now final, regardless of whether state or federal finality principles apply. As a result, for the same reasons

as stated in the claim-splitting analysis in Sections II.A and II.B, *supra*, the Contract Action—in addition to constituting impermissible claim splitting when it was initiated—is now barred by res judicata.

\* \* \*

We have considered Pollok's remaining arguments and hold them to be without merit.  For these reasons, the district court's judgment is AFFIRMED.