**Joe B. RITCHEY, Plaintiff–Appellant,**

v.

**UPJOHN DRUG COMPANY; William Dement, Defendants–Appellees.**

No. 96–17014.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1998.

Decided April 3, 1998.

Joe B. Ritchey, Santa Cruz, California, for plaintiff-appellant.

Michael F. Healy, Sedgwick, Detert, Moran & Arnold, San Francisco, California, for defendant-appellee; Charles Preuss, Preuss Walker and Shanagher, San Francisco, California, for defendants-appellees.

Before: HUG, Chief Judge, and FERNANDEZ and THOMAS, Circuit Judges.

FERNANDEZ, Circuit Judge:

Joe B. Ritchey brought this action against the Upjohn Company, Dr. William Dement, and Stanford Health Services [1] in the California Superior Court for Santa Cruz County. Upjohn removed the case to the United States District Court pursuant to 28 U.S.C. § 1441(a). That was based upon Upjohn's assertions that there was complete diversity of citizenship between it and Ritchey, and that the other purported defendants were shams because they could rely upon the defenses of the statute of limitations and res judicata. Ritchey moved to remand on the basis that there was a lack of complete diver-

---

1. Whether service was ever properly made upon Stanford Health Services is disputed by the parties. At any rate, a voluntary appearance was made and we will hereafter refer to the appealing party as Stanford.

sity. The district court denied the remand and ultimately awarded summary judgment to all of the defendants. Ritchey appeals. We affirm.

## BACKGROUND

The gravamen of Ritchey's action is that in 1983 and thereafter he was taking Halcion, a drug manufactured by Upjohn, which caused him to suffer a number of side effects. Those ultimately led to his conviction of criminal offenses, and other serious damages. He claims that Upjohn was responsible because it suppressed information about the side effects, and that Dr. Dement and Stanford conspired with Upjohn to conceal the negative information they all had about Halcion.

This action was filed in state court in 1994, but it was not the first time Ritchey had sued Upjohn over Halcion. In fact, he had brought an action in March of 1990 based on the same ingestions of the drug and the same resulting injuries. In October of 1993, the United States District Court had granted summary judgment against him on the grounds that at its core the action was one for personal injuries and California's one-year statute of limitations for personal injury actions had run before he sued. We affirmed that dismissal on June 6, 1995. *See Ritchey v. Upjohn Drug Co.*, No. 94–15171, 1995 WL 341572 (9th Cir.1995) (unpublished disposition).[2] In *Ritchey I* we held that he was clearly on notice about Upjohn's wrongdoing, which hurt him, as early as August of 1988 and no later than March of 1989.

■■■ However, on January 3, 1994, which was after the district court ruled but before we affirmed, Ritchey had filed this action in state court. It was based upon the same underlying facts as *Ritchey I,* but he also alleged that Stanford, Dr. Dement, and Upjohn had engaged in a conspiracy. He gave no notice of this action to the defendants until sometime in December of 1995.[3] On January 29, 1996, Upjohn removed this

action to the United States District Court, even though it is clear that Dr. Dement and Stanford are not diverse. They and Ritchey are citizens of the State of California. Upjohn, however, asserted that Dr. Dement and Stanford were sham defendants, who were fraudulently joined for the purpose of defeating diversity. It claimed that because, it said, the defenses of res judicata and the statute of limitations, which arose out of *Ritchey I,* barred any action against them. The district court agreed and denied Ritchey's motion to remand. Ultimately, it also dismissed this action as against Upjohn, Dr. Dement and Stanford on the ground that it was barred by the determinations in *Ritchey I.* This appeal followed.

## STANDARDS OF REVIEW

■■■ We review the district court's interpretation of a statute de novo. *See Allen v. Shalala,* 48 F.3d 456, 457 (9th Cir.1995). We also review issues of subject matter jurisdiction and denials of motions to remand removed cases de novo. *See Attorneys Trust v. Videotape Computer Prods., Inc.,* 93 F.3d 593, 594 (9th Cir.1996) (jurisdiction); *Duncan v. Stuetzle,* 76 F.3d 1480, 1484 n. 4 (9th Cir.1996) (remand denial). Finally, we review dismissals on the ground of res judicata de novo. *See United Parcel Serv., Inc. v. California Pub. Utils. Comm'n,* 77 F.3d 1178, 1182 (9th Cir.1996).

## JURISDICTION

We have jurisdiction pursuant to 28 U.S.C. § 1291. If the district court had jurisdiction, it was pursuant to 28 U.S.C. § 1332(a) on the theory that this was a diversity action, which was properly removed pursuant to 28 U.S.C. § 1441(a). That, however, raises the primary issues in this case. We must first ask whether the action was removable on any basis, and then ask whether it could be removed on the basis that Dr. Dement and

---

**2.** We will refer to this first course of action as *Ritchey I.*

**3.** Ritchey now suggests that the case was not removed within the required 30 day period. *See* 28 U.S.C. § 1446(b). He waived that issue when he failed to raise it within 30 days after removal.

*See* 28 U.S.C. § 1447(c); *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1038 (9th Cir.1995). Moreover, he did not raise the issue before us until his reply brief. That he cannot do. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

Stanford were fraudulently joined defendants. That requires us to construe 28 U.S.C. § 1446(b) and the law of fraudulent joinder.

### A. *Section 1446(b)*

■ Ritchey first argues that the removal of this action was absolutely precluded by the provisions of 28 U.S.C. § 1446(b). We do not agree, but the explanation takes some telling. We start, as we must, with the words of § 1446(b) itself:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id.* While at first glance the statute appears rather clear, Ritchey and others contend that a difficulty lurks within it. Plainly enough the statute provides in its first paragraph that a defendant can remove within 30 days of service of the initial pleading upon him. The second paragraph, however, explains that "[i]f the case stated by the initial pleading is not removable," the defendant can remove at a time later than the 30–day period provided for in the first paragraph. *Id.* However, the second paragraph goes on to provide a broadly phrased exception when it declares that "a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action." *Id.* If that exception applies only to the type of removal referred to in the second para-

graph, it does not preclude removal in this case unless the case was *not* removable at its inception. If, as Ritchey argues, the limitation in the second paragraph applies to both that paragraph and the first paragraph, it does, on its face, preclude removal of this case, regardless of the condition of the original pleading. In other words, removal would be precluded because considerably more than 1 year had passed from the date of commencement of this action to the date that Upjohn attempted to remove, even though neither it nor any other defendant had been served between January 3, 1994, and December of 1995.

As an initial matter, we must construe this statute by looking at its plain language, which includes its sentence structure. We recognize that "[r]emoval jurisdiction is statutory and strictly construed." *Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986). However, we see no reason to twist ordinary language usage and rules of grammar in order to preclude removal. In that regard, the most sound reading of a sentence will refer its limiting clause back to the antecedent clause to which it is attached, and not to other paragraphs or sentences in the statute. *See Pacificorp v. Bonneville Power Admin.,* 856 F.2d 94, 97 (9th Cir.1988). ("The date limitation ... refers directly back to the antecedent phrase...."); *Zogbi v. Federated Dep't Store,* 767 F.Supp. 1037, 1039 (C.D.Cal.1991) ("The general rule is that a qualifying phrase or clause only modifies that which immediately precedes it.")

We see no reason to deviate from that mode of reading here. The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception.

Because we are satisfied that this reading is plain on the face of the statute, there should be little reason to consider legislative history. *See Oregon Natural Resources Council, Inc. v. Kantor,* 99 F.3d 334, 339 (9th

Cir.1996) (if the language of a statute is clear, we look no further in determining its meaning, unless the apparent plain meaning leads to an absurd or impracticable result); *United States v. Neville,* 985 F.2d 992, 995 (9th Cir.1993) (if the statute is clear and unambiguous there is no need to turn to legislative history); *Coalition for Clean Air v. Southern Cal. Edison Co.,* 971 F.2d 219, 227 (9th Cir.1992) ("there is no need to refer to the legislative history of a statute when the language of the statute is clear"). Nevertheless, as we will further discuss below, other courts have disagreed with our reading. Thus, we have looked to the legislative history. We find it rather unhelpful, but to the extent that it helps at all it lends support to our reading. The House Report expressed the thought that what Congress was attempting to do was preclude removal "late in the proceedings" at a time when "substantial progress has been made in state court." H.R.Rep. No. 889, 100th Cong., 2d Sess., at 71–73 (1988) *reprinted in* 1988 U.S.C.C.A.N 5982, 6031–34. That supports the placement of the exception in the second paragraph because no substantial progress could ordinarily be expected if the case were immediately removable at the time of the initial pleading. Generally speaking, the case would either be removed promptly or not at all in that event.

While we are satisfied that the statute must be interpreted in this way, we acknowledge that the authorities are not uniform on the issue. Two other courts of appeals have touched on the subject, but have not resolved it. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 n. 12 (11th Cir.1994) (suggesting that if there were no true non-diverse party, the second paragraph would not apply); *Singh v. Daimler–Benz AG,* 9 F.3d 303, 309 (3d Cir.1993) (mentioning the provision, but not deciding the question before us). The district courts have been more active.

In *Zogbi,* 767 F.Supp. at 1039–40, the district court pointed to the statutory structure we have already discussed and went on to note that if Congress had intended the except clause to apply to both paragraphs of § 1446(b), it could easily have accomplished that result without requiring readers of the statute to rely on exotic grammatical usage. *See also, Greer v. Skilcraft,* 704 F.Supp. 1570,

1582 (N.D.Ala.1989); *Kite v. Richard Wolf Med. Instruments Corp.,* 761 F.Supp. 597, 600–01 (S.D.Ind.1989); *cf. Coman v. International Playtex, Inc.,* 713 F.Supp. 1324, 1326 (N.D.Cal.1989).

Other district courts have determined that the limitation applies to both paragraphs because, in effect, removal statutes must be strictly construed and comity between state and federal courts will be preserved by that construction. *See O'Brien v. Powerforce, Inc.,* 939 F.Supp. 774, 778 & nn. 1, 2 (D.Haw. 1996); *Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 353 (M.D.La.1996); *Beisel v. Aid Ass'n for Lutherans,* 843 F.Supp. 616, 618–19 (C.D.Cal.1994); *Rashid v. Schenck Constr. Co.,* 843 F.Supp. 1081, 1086–87 n. 6 (S.D.W.Va.1993); *Perez v. General Packer, Inc.,* 790 F.Supp. 1464, 1468 (C.D.Cal.1992); *Hom v. Service Merchandise Co., Inc.,* 727 F.Supp. 1343, 1345 (N.D.Cal.1990); *Rezendes v. Dow Corning Corp.,* 717 F.Supp. 1435, 1437–38 (E.D.Cal.1989). With all due respect, we do not see how strict construction or other considerations can change the fact that the except clause is dependent on the non-removability of the case stated in the initial pleading. In saying all of this, we are not overlooking the Supreme Court's comment that "[n]o case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'" *Caterpillar Inc. v. Lewis,* 519 U.S. 61, ——, 117 S.Ct. 467, 473, 136 L.Ed.2d 437 (1996) (citation omitted). However, in that case the Court was speaking of actions not originally removable. *Id.* at ——–——, 117 S.Ct. at 472–73.

Finally, some courts have applied equitable estoppel doctrines to permit removal once they have decided that the except clause basically applies to defendants first served after one year has passed. In that way, they have attempted to ameliorate the fact that on their construction of § 1446(b), a plaintiff need only file an action in state court and then wait one year before service, if he wishes to deprive the defendant of the ability to remove under any circumstances. *See e.g., Kinabrew,* 936 F.Supp. at 353; *Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281,

1283–85 (E.D.Va.1991); *cf., Kite* 761 F.Supp. at 600–01; *Coman,* 713 F.Supp. at 1327–28; *Greer,* 704 F.Supp. at 1582–83. For the purposes of this case we need not decide whether courts should use that kind of sortilege to contract the except clause with an exception-to-the-exception overlay, which was not adopted by Congress. Suffice it to say that for now our reading of the statute simply leaves it, and the clause, where Congress put them.

### B. *Sham Defendants*

Once we blow away the interpretive miasma and see § 1446(b) clearly, we must still consider whether this action was removable under the first paragraph of § 1446(b), or to put it another way, whether there was diversity jurisdiction based upon the initial pleading, or whether there is diversity jurisdiction at this time for that matter. *See* 28 U.S.C. § 1332(a).

■ The existence of diversity jurisdiction certainly does not appear on the face of Ritchey's complaint. Moreover, there can be little doubt that non-diverse defendants—Dr. Dement and Stanford—have been joined in the action. Thus, at first blush it must be said that there was no diversity. But, says Upjohn, it is diverse and Dr. Dement and Stanford were fraudulently joined or sham defendants. In the posture of this case, we agree with that conclusion.

■ It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 & n. 1 (9th Cir.1988); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987). But, "[f]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe,* 811 F.2d at 1339. In deciding whether a cause of action is stated we have declared that we will "look only to a plaintiff's pleadings to determine removability." *Gould,* 790 F.2d at 773. And, we have commented that we will determine the "existence of federal jurisdiction . . . solely by an examination of the plaintiff's case, without recourse to the defendant's plead-

ings." *Self v. General Motors Corp.,* 588 F.2d 655, 657 (9th Cir.1978). At least that is true when there has not been a fraudulent joinder. *Id.* at 659. Where fraudulent joinder is an issue, we will go somewhat further. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe,* 811 F.2d at 1339; *see also Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–99, 42 S.Ct. 35, 37–38, 66 L.Ed. 144 (1921); *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 153–54, 34 S.Ct. 278, 280–81, 58 L.Ed. 544 (1914); *Alabama Great S. Ry. Co. v. Thompson,* 200 U.S. 206, 218–19, 26 S.Ct. 161, 165, 50 L.Ed. 441 (1906); *cf. Smith v. Southern Pac. Co.,* 187 F.2d 397, 400–01 (9th Cir.1951).

That approach is reasonable and necessary. For example, a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory. Thus, in *McCabe* we looked to the complaint alone to determine that no wrongful discharge cause of action could be stated against the managers of a company for firing an employee of that company. *See* 811 F.2d at 1339. If we had been required to look at facts outside of the complaint to decide that issue, we would have done so. Similarly, the Supreme Court has pointed out that a removing defendant could submit facts showing that a resident defendant had "no real connection with the controversy." *Wilson,* 257 U.S. at 97, 42 S.Ct. at 37. But it is noteworthy that these cases looked to whether the plaintiff truly had a cause of action against the alleged sham defendants. The cases did not key on an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action. There is a distinction between those two concepts. The Supreme Court touched on the distinction in *Chesapeake & Ohio Ry.,* 232 U.S. at 153, 34 S.Ct. at 280, where it declared that the assertion made by the removing defendant "went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants." Similarly, in *Alabama Great S. Ry.,* 200 U.S. at 218–19, 26 S.Ct. at 165, the Court refused to find fraudulent joinder where a misjoinder of parties was

claimed by the defendant that was trying to remove the action. The Court commented that, ultimately, the state court might decide the joinder was not proper. In fact, if it had jurisdiction the Court might have done so itself. "But," it said, "this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal." *Id.*; *see also McCabe*, 811 F.2d at 1339 (failure to state a cause of action); *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426–27 (9th Cir.1989) (joinder fraudulent where no cause of action could be stated); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D.Cal.1992) (joinder fraudulent where no cause of action could be stated); *cf. Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir.1975) (joinder not fraudulent if case can withstand a 12(b)(6) motion directed to sufficiency of the cause of action, however labeled).

■ Similar distinctions have been drawn in the rules governing federal question removal. Even when the area involved is one where complete preemption is the norm, if the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–96, 107 S.Ct. 2425, 2430–31 96 L.Ed.2d 318 (1987). The fact that preemption might ultimately be proved does not allow removal. *Id.* at 397–98, 107 S.Ct. at 2432; *see also Rivet v. Regions Bank*, —— U.S. ——, 118 S.Ct. 921, 926, 139 L.Ed.2d 912 (1998); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934–36 (9th Cir.1993). In other words, when the defense is exogenous to the cause of action itself, it will not turn a state action into a federal one.

While the above would tend to suggest that an exogenous defense could not turn a true defendant into a sham defendant, we need not resolve that issue. No doubt the statute of limitations is a defense, and a rather unique one at that. It is one that does not truly go to the merits of the plaintiff's claim in any sense. It does not assert some excuse or justification for what the defendant is alleged to have done, nor does it

assert any release or waiver of any right of action against the defendant. It does not even deny the wrong or claim contributory fault or set off. Rather, it virtually admits the validity of the cause of action and the plaintiff's right to collect upon it, but asserts that the plaintiff waited too long to pursue the cause of action. California has emphasized the fact that the statute of limitations is a kind of procedural bar, and not one which relates to the merits of the case. *See Hopkins v. Andaya*, 958 F.2d 881, 888 (9th Cir. 1992); *Piazza Properties v. State Dept. of Motor Vehicles*, 71 Cal.App.3d 622, 628, 138 Cal.Rptr. 357, 360 (1977); *O'Neil v. Spillane*, 45 Cal.App.3d 147, 156, 119 Cal.Rptr. 245, 252 (1975). In fact, California has pointed out that a judgment based on the statute of limitations regarding a cause of action in one suit is not necessarily res judicata in a second suit, which pleads a different cause of action based on the same core of underlying facts. *See Koch v. Rodlin Enters., Inc.*, 223 Cal.App.3d 1591, 1596–97, 273 Cal.Rptr. 438, 441–42 (1990).

However, even though California takes that position, it also takes the position that a defendant may file a demurrer to a complaint on the theory that the complaint "does not state facts sufficient to constitute a cause of action." Cal.Civ.Proc.Code § 430.10(f). It has long been the law that this principle applies to statute of limitations defenses, even though, technically, a defense is not part of the cause of action itself. *See Bank of America Nat'l Trust & Sav. Ass'n v. Ames*, 18 Cal.App.2d 311, 314–15, 63 P.2d 1208, 1209–10 (1936). The defendant may file the demurrer when the defect appears on the face of the complaint or in any material "of which the court is required to or may take judicial notice." Cal.Civ.Proc.Code § 430.30(a). Moreover, it is clear that "[i]n ruling on a demurrer essentially founded on res judicata," a court may "take judicial notice of a prior judgment in a different case even though such judgment or its content is not pleaded in the complaint...." *Flores v. Arroyo*, 56 Cal.2d 492, 496, 364 P.2d 263, 265, 15 Cal.Rptr. 87, 89 (1961).

In this case, when the strobe of judicial notice is played upon Ritchey's pleading, it

appears perfectly clear that the statute of limitations is a defense, which California would apply through the medium of a demurrer. The action against Dr. Dement and Stanford is barred by the statute of limitations. The harm was well known to Ritchey several years before he brought his action, and he also knew what wrongdoing had caused that harm. *See Ritchey I.* Ultimately, it was Upjohn's own alleged wrongdoing in concealing information about Halcion which caused the harm, as Ritchey previously alleged. *See Ritchey I.* Ritchey has now attempted to cobble together a claim that Dr. Dement and Stanford helped Upjohn to perpetrate that harm by helping it misrepresent data. That, however, is outside the point. It is pellucid that by the time the complaint in question was filed, January 3, 1994, the statute of limitations had long since run, regardless of whether Ritchey's new cause of action is characterized as a personal injury cause of action or a fraud cause of action. Our decision in *Ritchey I* makes it clear that the statute of limitations started to run in March of 1989 at the latest. Thus, as we held in *Ritchey I,* the one year statute of limitations had clearly run. Moreover, in California the statute of limitations for fraud is three years. *See* Cal.Civ.Proc.Code § 338. Again, that three year period had clearly run long before the current complaint was filed.

We recognize that if Dr. Dement and Stanford had not asserted the statute of limitations, Ritchey's cause of action against them might well be viable. That, again, is the slight anomaly in speaking of the statute of limitations as a ground for dismissing a complaint on the theory that it does not state of cause of action. At any rate, the statute of limitations was asserted in this case. Therefore, under California law no cause of action was stated. We recognize that it is, perhaps, slightly peculiar to speak of Dr. Dement and Stanford as sham defendants because the statute of limitations bars a claim against them, when that would seem to lead to an argument that Upjohn itself is a sham defendant because the statute of limitations has also run against it. Nevertheless, the fact is that Ritchey did not state a cause of action against anyone, and his failure to state that cause of action against Dr. Dement and Stanford demonstrates beyond peradventure that

they were sham defendants for purposes of removal. *Id.*

## CONCLUSION

Upjohn faced Ritchey once before in the federal courts and won the day. It now finds itself sued, along with others, in an action that appears to be the same essential claim as the one it faced before. Having prevailed in the first agon in federal court, it understandably does not wish to struggle with Ritchey in another forum, even if the struggle turns out to be a short one. It is true that in his second action Ritchey also joined non-diverse parties, Dr. Dement and Stanford, but he has not spelled out a cause of action against them under California law. That being so, we hold that they were fraudulently joined for diversity and removal purposes. As a result, this case was properly removed. Upjohn and its co-defendants need not answer Ritchey's chamade to meet him in the California Superior Court for Santa Cruz County.

AFFIRMED.