Richard ROSENBLATT,
Plaintiff–Appellant,

v.

ERNST & YOUNG INTERNATIONAL,
LTD.; Ernst & Young, LLP; James
Pope, Defendant–Appellees.

No. 00–56099.

D.C. No. CV–99–01163–RMB (JFS).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Jan. 29, 2002.

Before SCHROEDER, Chief Judge,
TROTT, and RAWLINSON, Circuit
Judges.

MEMORANDUM *

Richard Rosenblatt ("Rosenblatt") appeals the district court's denial of his motion to remand for lack of diversity jurisdiction his claims against Ernst & Young International, Ltd. ("EYI"), Ernst & Young, LLP ("EY–LLP"), and EY–LLP partner, James Pope ("Pope"). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and, for the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

I The District Court Properly Ignored EY–LLP and Pope In Determining the Existence of Diversity Jurisdiction Because They Were "Sham Defendants" Against Whom All Causes of Action Were Time–Barred

█ EY–LLP and Pope were properly ignored for purposes of diversity jurisdiction because Rosenblatt's claims against

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**732**

them were barred under the applicable statutes of limitations. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir.1998) (holding that parties against whom all claims were time-barred were sham defendants whose citizenship should be ignored for diversity purposes). In so holding, we refuse to apply Rosenblatt's "separate accrual" theory under which his losses from 1996 and 1998[2] would be deemed separate from earlier, time-barred injuries and, thus, still viable grounds for litigation. This theory of recovery has been applied heretofore *only* in cases involving latent and severe physical conditions which evolved from modest and wholly dissimilar injuries. *See New v. Armour Pharm., Co.*, 67 F.3d 716, 722 (9th Cir. 1995); *Zambrano v. Dorough*, 179 Cal. App.3d 169, 224 Cal.Rptr. 323 (1986); *Martinez–Ferrer v. Richardson–Merrell, Inc.*, 105 Cal.App.3d 316, 164 Cal.Rptr. 591 (1980). We see no reason to expand application of the separate accrual theory beyond this narrow realm. Rosenblatt suffered injuries on which he could sue no later than October, 1994. His injuries from 1996 and 1998 were, therefore, time-barred when he brought this action in 1999. *See Davies v. Krasna*, 14 Cal.3d 502, 514, 121 Cal.Rptr. 705, 535 P.2d 1161 (Cal.1975) ("[T]he infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period."); *Jordache Enters., Inc. v. Brobeck, Pheleger & Harrison*, 18 Cal.4th 739, 752, 76 Cal.Rptr.2d 749, 958 P.2d 1062 (1998). Thus, EY–LLP's and Pope were "sham defendants" whose citizenship was properly ignored by the district court in determining the existence of diversity jurisdiction.

**II Though the District Court Held Correctly That EYI Is a Cayman Islands Corporation, It Did Not Properly Determine EYI's Citizenship**

We uphold as well the district court's ruling that EYI is a Cayman Islands corporation. Rosenblatt offers no credible evidence to counter the overwhelming indicia of incorporation, particularly EYI's certificate of incorporation. Nor does the Supreme Court's decision in *Carden v. Arkoma Assoc's.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), Rosenblatt's arguments notwithstanding, compel a contrary conclusion.

This holding, however, does not require the conclusion that EYI is a citizen of the Cayman Islands for purposes of diversity jurisdiction. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen both of its state of incorporation and its principal place of business. Section 1332 draws no distinction between corporations incorporated within the United States and those incorporated in a foreign state. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir.1994).

The district court seemed to equate EYI's Cayman Islands citizenship under 28 U.S.C. § 1332(c)(1) with its being a "citizen[ ] or subject[ ] of a foreign state" under 28 U.S.C. § 1332(a)(2), the section of the diversity statute under which the district court exercised its jurisdiction. Neither the Constitution nor 28 U.S.C. § 1332 defines "foreign state." It has generally been held, however, "that a foreign state is one formally recognized by the

2. In December 1996, Lloyd's drew $600,000 on Rosenblatt's letter of credit that he had posted as security for his underwriting obligations. Rosenblatt's second separately accruing loss occurred in March 1998 when Lloyd's won a $682,000 judgment against him. Both losses covered asbestos-related claims made against insurance syndicates in which Rosenblatt invested.

executive branch of the United States government." 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3604 (1984). The Cayman Islands are a British Overseas Territory and are not recognized by the United States Department of State as an independent State.[3] Several of our sister circuits have considered whether a citizen of a British Overseas Territory is a citizen of a foreign state for diversity purposes. Predictably, opinions and analyses diverge.[4] This court has recognized, but not addressed, the issue. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.,* 268 F.3d 1133, 1139 n. 6 (9th Cir.2001).

This civil procedure tangle may have been of no moment were we able to attribute EYI's citizenship to a principal place of business other than California, in which case diversity jurisdiction would have been established. The record, however, lacks sufficient evidence from which to make this determination.[5] Given these uncertainties, we cannot rule on EYI's citizenship and, thus, cannot answer the ultimate issue on appeal–whether the district court properly denied Rosenblatt's motion to remand for lack of diversity jurisdiction.

### CONCLUSION

We affirm the district court's holding that EY–LLP and Pope should be ignored for purposes of diversity jurisdiction because the claims against them are time-barred. We affirm as well the court's ruling that EYI is a Cayman Island's corporation, but reverse its finding that EYI is diverse from Rosenblatt by virtue of its incorporation in the Cayman Islands. The case is remanded for a determination of EYI's principal place of business.

AFFIRMED IN PART and REMANDED for further proceedings.

The parties shall bear their own costs of this appeal.

---

3. *See* CIA: The World Factbook–Cayman Islands, *available at* http://www.cia.gov./cia/publications/factbook/.

4. *Compare Matimak Trading Co., v. Khalily,* 118 F.3d 76, (2d Cir.1997) (holding federal court lacked diversity jurisdiction over Hong Kong corporation because Hong Kong was a British Dependent Territory, not a foreign state, and Hong Kong corporations were not United Kingdom citizens), *with Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410 (3d Cir. 1999) (recognizing Hong Kong as United Kingdom subject, and thus diverse, under § 1332(a)(2)), *and Wilson v. Humphreys (Cayman) Ltd.,* 916 F.2d 1239, 1243 (7th Cir.1990) (finding jurisdiction over Cayman Islands corporation, despite Islands' dependent territory status: "the exercise of American judicial authority over the citizens of a British Dependent Territory implicates this country's relationship with the United Kingdom—precisely the raison d'etre for applying alienage jurisdiction.").

The Supreme Court may have taken its first step to resolve this issue by agreeing to review the Second Circuit's latest application of *Matimak* to a British Virgin Islands corporation. *See Chase Manhattan Bank v. Traffic Stream (BVI),* 251 F.3d 334 (2d Cir.2001) (per curiam) (holding that corporation is not a citizen or subject of a foreign state under § 1332(a)(2)), *cert. denied,* No. 01–651, 2002 U.S. LEXIS 198 (Jan. 4, 2002).

5. While the record reveals a couple of references by EYI to its "principal place of business in London, England," the parties paid this issue scant attention before the district court and on appeal. Indeed, the court did not address EYI's principal place of business in either its Order Tentatively Denying Plaintiff's Motion for Remand or in its published opinion, *Rosenblatt v. Ernst & Young International, Ltd.,* 87 F. Supp 2d 1048 (S.D.Cal. 2000). Under these circumstances, we think it prudent to give both the parties and the court an opportunity to fully vet the issue on remand.