**John CAUDILLO, et al., Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. 01CV11205.**

United States District Court, C.D. California.

Feb. 26, 2002.

Norman J. Watkins, Lynberg & Watkins, Orange, Ruth Segal, Lynberg & Watkins, Los Angeles, CA, for plaintiffs.

Gregory Michael MacGregor, Deborah A Berthel, Charles . Jason McLurkin, MacGregor & Berthel, Woodland Hills, CA, for defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

KELLEHER, District Judge.

On February 21, 2002, the Court took Plaintiffs' Motion to Remand under submission. After considering the papers submitted by the parties and the case file, the Court **DENIES** the motion.

## I. BACKGROUND

On November 26, 2001, Plaintiffs (32 Allstate insureds) filed a complaint in Los Angeles Superior Court.[1] The named defendants are three corporations (Allstate, Shadowbrook Design Group ("Shadowbrook") and Western States Companies ("Western States")), and four individuals (LeAndre Davis, Thomas Conrad, Donald Ames and George Bach).[2] The Complaint alleges intentional misrepresentation, breach of contract and breach of the covenant of good faith and fair dealing.

On December 31, 2001, Allstate removed the case to federal court on the ground that Plaintiffs cannot state a claim against the non-diverse defendants and thus they should be disregarded for purposes of determining diversity jurisdiction.[3] (Notice

---

1. All Plaintiffs herein are also plaintiffs in three cases previously filed against Allstate, two of which are presently pending before this Court.

2. Allstate and George Bach are the only two diverse defendants identified in the Complaint.

3. Plaintiffs filed a First Amended Complaint in state court before receiving notice of Allstate's removal. (Reply, p. 3.) The relevant content does not differ between the two complaints, and thus all references will be to the original complaint.

of Removal, ¶ 15.) On January 22, 2002, Plaintiffs filed a motion to remand. Allstate filed its opposition on February 11, 2002. On February 19, 2002, Plaintiffs filed their reply.

## II. DISCUSSION

### A. Removal Standard

A civil action commenced in state court may be removed if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed against removal jurisdiction. *See Clinton v. Acequia, Inc.,* 94 F.3d 568, 573 (9th Cir.1996). The party asserting jurisdiction bears the burden of proving the facts to support it. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). Furthermore, if there is any doubt about the right of removal, federal jurisdiction must be rejected. *Id.*

■ A defendant may predicate removal on diversity jurisdiction and subsequently "seek to convince the district court that any non-diverse defendants were fraudulently joined." *Zogbi v. Federated Dept. Store,* 767 F.Supp. 1037, 1041 (C.D.Cal.1991); *see McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). If a plaintiff fails to state a claim against a non-diverse defendant, "and the failure is obvious according to the settled rules of the state, the joinder of the [non-diverse] defendant is fraudulent." *McCabe,* 811 F.2d at 1339. The presence of such a defendant is ignored for purposes of establishing diversity jurisdiction. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001).

### B. Allstate has shown that joinder of the non-diverse defendants is fraudulent

Plaintiffs argue that removal to federal court was improper because diversity jurisdiction does not exist. (Mot. at 6.) Plaintiffs claim that the non-diverse defendants are all participants in the alleged scheme to defraud and thus properly defendants in this case. (*Id.* at 8–10.) Allstate argues that removal on the ground of diversity jurisdiction is proper because there is no possibility that Plaintiffs can establish liability against the non-diverse defendants. (Opp. at 3–15.)

Allstate asserts three grounds on which to find that Plaintiffs have failed to state a cause of action against the non-diverse defendants: (1) Plaintiffs' claims against all but Allstate are time barred, (2) the non-diverse corporations are defunct, and (3) Plaintiffs have failed to plead their fraud claim with the necessary particularity. (*Id.*) Because Allstate's first ground is persuasive, the Court need not reach the other two.

### 1. Plaintiffs' claims are time barred under the normally applicable statute of limitations

■ Plaintiffs filed suit on November 26, 2001. Plaintiffs' only claim against the non-diverse defendants is for intentional misrepresentation. The statute of limitations applicable to such a fraud claim is normally three years from the date of discovery. Cal.Code of Civ. P. § 338(d).

In the Complaint, Plaintiffs admit that they previously filed complaints in three different cases alleging the same claims, and that those complaints were filed within one year of discovering the fraud at issue.[4]

---

4. The three cases are *First v. Allstate,* Case No. CV98–3394 RJK; *Campanelli v. Allstate,* Case No. CV98–7185 RJK; and *Amann v. Allstate,* Los Angeles Superior Court,

BC210393. Plaintiffs' claims in the preceding cases were all dismissed against Allstate on statute of limitations grounds.

(*See* Complaint at ¶ 69.) Two of those complaints were filed in May and August of 1998. The third complaint, filed in March of 1999, indicates that the alleged fraud was discovered "in or about mid–1998." (Third Amended Complaint in *Amann v. Allstate Ins. Co.*, BC210393, ¶ 42.) Because the fraud claim now before the Court is premised on the same facts previously alleged and admittedly discovered no later than mid–1998, Plaintiffs' fraud claim is time barred under the three year statute of limitations.[5]

 In their reply, Plaintiffs contend that "[t]he statute of limitations is a bar to a claim only if it is pleaded as an affirmative defense." (Reply at 3.) However, courts may consider facts beyond the pleadings when fraudulent joinder is raised. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998). In *Ritchey*, the Court held that removal was proper because it was clear from the plaintiff's pleading that the statute of limitations would be a defense for the non-diverse defendants. *Id.* at 1319–20. The same is true here. Indeed, the Complaint indicates that Plaintiffs bring this action on the assumption that their claims against all defendants have been revived by California Code of Civil Procedure Section 340.9. (Complaint, ¶ 69.) Thus the fact that the non-diverse defendants have yet to file responsive pleadings asserting the statute of limitations as a defense does not preclude the Court from concluding that Plaintiffs' claims against those defendants are indeed time barred for purposes of the fraudulent joinder analysis.

### 2. Plaintiffs' claims against the non-diverse defendants have not been revived

California Code of Civil Procedure Section 340.9 provides that, subject to certain exceptions:

> any insurance claim for damages arising out of the Northridge earthquake of 1994 which is barred ... solely because the applicable statute of limitations has or had expired is hereby revived and a cause of action thereon may be commenced provided that the action is commenced within one year of the effective date of this section.

Cal.Civ.Proc.Code § 340.9(a). Plaintiffs apparently believe that the statute revives all of their claims against all defendants in this case. Plaintiffs are mistaken.

Section 340.9 "revives [only] *insurance claims* for damages, not actions based on such claims ...." *Bialo v. Western Mutual Ins. Co.*, 95 Cal.App.4th 68, 78, 115 Cal.Rptr.2d 3 (2002) (emphasis added). Thus an insured's claims against its insurer for breach of contract and breach of the covenant of good faith and fair dealing are revived. *20th Century Ins. Co. v. Superior Court of Los Angeles County*, 90 Cal. App.4th 1247, 1279, 109 Cal.Rptr.2d 611 (2001); *Hellinger v. Farmers Ins. Exchange*, 91 Cal.App.4th 1049, 1068, 111 Cal. Rptr.2d 268 (2001).[6] However, fraud claims are not revived because they do not "rest on [an insurer's] failure to perform under the policy, but rather on its alleged acts of deceit and deception that go well beyond simple nonperformance." *20th Century Ins. Co.*, 90 Cal.App.4th at 1280–81, 109 Cal.Rptr.2d 611. Indeed, "that the

---

5. Plaintiffs do allege that facts forming the basis of their claim against Defendant George Bach were not discovered until September 2000. (Complaint, ¶ 73.) However, a timely claim against Mr. Bach will not defeat diversity jurisdiction because the Complaint alleges that he resides outside the state of California. (*Id.* at ¶ 8.)

6. Both *20th Century* and *Hellinger* were decided months before Plaintiffs filed the complaint in this case.

purpose of such alleged fraudulent behavior may have been to evade performance under the policy does not alter the conclusion that an entirely separate act of misconduct has been alleged." *Id.* at 1281, 109 Cal.Rptr.2d 611.

Therefore, Section 340.9 does not revive Plaintiffs' claim for intentional misrepresentation. The only claims revived by section 340.9 are Plaintiffs' claims against Allstate for breach of contract and breach of the covenant of good faith and fair dealing. Because the only claim asserted against the non-diverse defendants is for intentional misrepresentation, Plaintiffs have failed to state a claim against them. Because the failure is obvious under California law, the joinder of those defendants is fraudulent and they should be disregarded in determining diversity jurisdiction.

At best Plaintiffs can state a claim only against Allstate and George Bach. According to the Complaint, Allstate is an Illinois corporation and George Bach resides outside of California. (Complaint, ¶¶ 2, 8.) Plaintiffs all reside within California. (*Id.* at ¶ 1.) Plaintiffs do not challenge Allstate's claim that the alleged damage to the twenty properties involved in this case exceeds $75,000. (Notice of Removal, ¶ 7.) Therefore, disregarding the fraudulently joined defendants, diversity jurisdiction exists and removal was proper.

### III. DISPOSITION

For the foregoing reasons, the Court hereby **DENIES** Plaintiffs' Motion to Remand.

IT IS SO ORDERED.