Laura PADILLA, Plaintiff,

v.

AT & T CORP.; Cingular Wireless Employee Services, LLC; Robin Hinojosa; and Does 1 through 100, inclusive, Defendants.

Case No. SACV 09–0471 AG (ANx).

United States District Court,
C.D. California.

Dec. 21, 2009.

 

Adam J. Reisner, Marcus A. Mancini, Tessa King, Mancini and Associates, Sherman Oaks, CA, for Plaintiff.

Deborah Y. Jones, Jesse M. Jauregui, Alston & Bird LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION TO REMAND

ANDREW J. GUILFORD, District Judge.

Diversity jurisdiction was embedded in our Constitution by our Founders. The thinking was in part that, for example, in a case involving non-Virginians, a jury of Virginians sitting in federal court would be more likely to follow their oath to be fair than would a jury of Virginians sitting in state court. *See* Erwin Chemerinsky, *Federal Jurisdiction* 296 (5th ed.2007) ("The traditional theory is that diversity jurisdiction was intended to protect out-of-state residents from the bias that they might experience, or at least fear that they might face, in state courts."); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553–54, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("[T]he purpose of the diversity requirement ... is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants."); E. Farish Percy, *Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder,* 91 Iowa L.Rev. 189, 198 (2005) (noting that James Madison believed diversity jurisdiction might alleviate prejudice against out of state citizens); James L. Underwood, *The Late, Great Diversity Jurisdiction,* 57 Case W. Res. L.Rev. 179, 182 (2006) ("[One] of the most cited justifications for the original grant of diversity jurisdiction [is] protecting, generally, out-of-state litigants from the bias of state court judges and juries."). The pending Motion to Remand ("Motion") tests the reach of diversity jurisdiction and the extent that state courts will be denied the chance to hear state claims.

Plaintiff Laura Padilla filed this lawsuit in state court seeking relief under state law. She included as a defendant a California citizen, Robin Hinojosa, which would defeat federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Defendants AT & T Corp. ("AT & T") and Cingular Wireless Employee Services ("Cingular") argue that the California defendant is merely a sham that must be disregarded, thus permitting diversity jurisdiction. This argument, that the plaintiff fraudulently joined the only non-diverse party, is increasingly being made in federal courts. *See* E. Farish Percy, *Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder,* 91 Iowa L.Rev. 189, 191 (2005) ("The fraudulent joinder doctrine has played an increasingly frequent and critical role in determining whether many civil cases will be litigated in state court or federal court."); *see also id.* at 192 ("[L]itigants continually wage forum selection battles in hundreds of cases that are removed to federal courts each year based on allegations of fraudulent joinder."). But as the prevalence of this argument grows, so does its misuse.

Attorneys pleading cases in California courts often seek to broadly join defendants involved in the transaction or occurrence. This may or may not be a good strategy. Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before Trial (Rutter 2009),

¶ 2:206. But even a bad strategy is not necessarily a sham.

Plaintiff's Motion is GRANTED, and this case is remanded to the California Superior Court. The Court also awards Plaintiff attorney fees and costs of $2,663.80.

## BACKGROUND

Plaintiff was employed by AT & T and Cingular for over eight years as a Business Customer Service Specialist before her allegedly wrongful termination. Plaintiff's lawsuit in the California Superior Court brought claims for wrongful termination, retaliation, harassment, defamation, and intentional infliction of emotional distress against AT & T, Cingular, and Plaintiff's former manager at Cingular, Robin Hinojosa, a California citizen. Since all of Plaintiff's claims arise under California law and Plaintiff is a California citizen, diversity is defeated only by including Hinojosa as a defendant, as she is the only California defendant.

Defendants removed the case to this Court on the basis of diversity jurisdiction, asserting that Defendant Hinojosa is merely a sham defendant and should not be joined. Plaintiff now seeks an order remanding this case to the California Superior Court.

## ANALYSIS

### 1. MOTION TO REMAND

While Defendants acknowledge that both Plaintiff and Hinojosa are California citizens, Defendants argue that federal diversity jurisdiction is proper in this case because: (1) Defendant Hinojosa is a sham defendant, and should not be considered in establishing diversity; (2) AT & T and Cingular are not California citizens; and (3) the amount in controversy exceeds $75,000. The Court finds that Defendants have failed to establish that Hinojosa is a sham defendant, and thus holds that federal jurisdiction is improper.

■ Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267, 3 Cranch 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir.2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

■ But removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir.1989). The failure to state a claim against the

non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir.2002). Here, Defendants have failed to meet their burden of establishing that Hinojosa is a sham defendant, particularly in light of the "strong presumption against removal jurisdiction." *Gaus*, 980 F.2d at 566.

█ Plaintiff brings several claims against Hinojosa, including claims for unlawful harassment under California's Fair Employment and Housing Act ("FEHA"). Under California law, harassment consists of a type of conduct "not necessary for performance of a supervisory job" and "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 63, 53 Cal.Rptr.2d 741 (1996). Here, Plaintiff alleges that Defendants discriminated against her based on her physical and mental disabilities and the fact that she had taken medical leave. Plaintiff further alleges that, because of those disabilities, Hinojosa harassed her by intentionally issuing false write-ups claiming that Plaintiff had engaged in "falsifying documents and stealing time," ultimately leading to Plaintiff's termination. Those actions, Plaintiff argues, were outside the scope of Hinojosa's employment and done simply for Hinojosa's own self-gratification.

█ Defendants do not argue that Plaintiff is legally barred from stating a harassment claim against Hinojosa, but assert that Plaintiff "cannot maintain a claim for harassment as against Ms. Hinojosa based on the asserted 'facts' alone." (Opp'n 7:27–28.) Although the basis for a removability determination is generally limited to the plaintiff's pleadings, where fraudulent joinder is an issue the Court may look beyond the pleadings. *Ritchey*

*v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998). "For example, a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Id.* "Th[is] approach is reasonable and necessary," *id.*, particularly given the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and the state court practice of broadly pleading and amending, Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before Trial (Rutter 2009), ¶ 2:206. Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *Burris v. AT & T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040, at *2 (N.D.Cal. July 19, 2006) (citing *Nickelberry v. DaimlerChrysler Corp.*, No. C–06–1002 MMC, 2006 WL 997391, at *1–2 (N.D.Cal. Apr. 17, 2006)). The defendant must also show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id.* at *1. Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2. Here, Defendants fail to make the necessary showing.

█ Even if Plaintiff did not plead facts sufficient to state a claim against Hinojosa, Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against Hinojosa for harassment under the FEHA. Hinojosa was Plaintiff's direct supervisor at AT & T, and whether she did so in good or bad faith, it is clear that Hinojosa played an integral role in Plaintiff's termination. A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defen-

dant, and this Court cannot find that Hinojosa is a fraudulently joined or sham defendant. The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham. Denying federal diversity jurisdiction in this case, where Plaintiff seeks to include her direct supervisor in a lawsuit relating to her termination, is consistent with the Founders' intent in establishing diversity jurisdiction.

Defendants have not met their burden of establishing that Hinojosa is a sham defendant and that removal to federal court is proper. *See Kruso,* 872 F.2d at 1426; *Gaus,* 980 F.2d at 566. The Motion to Remand is therefore GRANTED.

## 2. REQUEST FOR ATTORNEY FEES AND COSTS

Plaintiff next requests that the Court award her $2,663.80 in attorney fees and costs incurred due to Defendants' improper removal. On granting a motion for remand, the district court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney fees lies within the trial court's discretion, and does not require a showing that removal was in bad faith. *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 446 (9th Cir. 1992). The Court finds that an award of reasonable attorney fees and costs is appropriate here, particularly since AT & T was the removing party in *Burris,* 2006 WL 2038040, which was remanded under facts similar to the facts here.

Counsel for Plaintiff asserts that she spent 5 hours researching and preparing this Motion, and expected to spend 3 hours composing a reply to Defendants' opposition papers. (King Decl. ¶ 39.) Counsel also asserts that her normal hourly rate is

$325. (King Decl. ¶ 42.) In traveling to the hearing on this Motion, counsel anticipated spending $17 in parking fees and incurring driving expenses of $46.80. (King Decl. ¶ 41.) Counsel therefore seeks $2,600 in attorney fees and $63.80 in costs, a total of $2,663.80. The Court finds that an hourly rate of $325 is appropriate, and that Plaintiff's counsel expended a reasonable amount of time preparing this Motion. While the Court finds that counsel's anticipated driving expenses of $46.80 are reasonable, parking in this area is easily available for $7, and counsel is entitled to no more than that amount in parking fees. An award of $2,653.80 in attorney fees and costs is thus appropriate under 28 U.S.C. § 1447(c), and Plaintiff's request is GRANTED in this amount.

## DISPOSITION

Plaintiff's Motion is GRANTED. This action is remanded to the California Superior Court, and Defendants are ORDERED to pay Plaintiff's counsel $2,653.80 in attorney fees and costs incurred as a result of Defendants' improper removal.

IT IS SO ORDERED.