**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID JOSEPH, | No. 16-56151 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01245-SJO-GJS |
| v. | |
| ALAN L. KAYE; AMERICAN GENERAL LIFE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 24, 2017[**]

Before:      THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Joel David Joseph appeals pro se from the district court's order denying his

motion to remand the case to state court and from the judgment dismissing his

diversity action alleging state law claims related to his father's life insurance

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Joseph's request for oral argument, set forth in his opening and reply briefs, is denied.

policy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (denial of a motion to remand); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal of action as barred by res judicata). We affirm.

The district court properly dismissed Joseph's action as barred by the doctrine of res judicata because Joseph's claims were raised, or could have been raised, in a prior federal action between the parties or their privies that resulted in a final judgment on the merits. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (elements of res judicata); *see also Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)); *Stewart*, 297 F.3d at 956-57 (res judicata bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action).

The district court properly denied Joseph's motion to remand because it correctly determined that defendant Kaye was fraudulently joined to defeat diversity jurisdiction. *See Hunter*, 582 F.3d at 1043 ("Although an action may be

2                                                                 16-56151

removed to federal court only where there is complete diversity of citizenship, one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." (citations and internal quotation marks omitted)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (citation and internal quotation marks omitted)).

We reject as without merit Joseph's various contentions regarding oral argument on appeal.

**AFFIRMED.**