**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARLA TIPTON,

                Plaintiff-Appellant,

v.

ZIMMER, INC., a Business Entity; et al.,

                Defendants-Appellees.

No. 16-56609

D.C. No. 2:15-cv-04171-BRO-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Plaintiff-Appellant Sharla Tipton appeals from several district court orders

ruling that "Mike (Last Name Unknown)" was a fraudulently joined defendant and

entering judgment in favor of Defendants-Appellees Zimmer Inc., Zimmer Biomet

Holdings, Inc. and Zimmer Surgical, Inc. (collectively, "Zimmer"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291 and we affirm the district court. "We . . . review issues of subject matter jurisdiction and denials of motions to remand removed cases de novo." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998).

1.  Tipton argues that Zimmer waived any argument that "Mike" was a fraudulently joined defendant by failing to raise that argument in its notice of removal. A motion to remand that is based on a procedural defect in removal must be made within 30 days after the filing of a notice of removal. 28 U.S.C. § 1447(c). Zimmer filed the notice of removal on June 3, 2015. Tipton filed her motion to remand on May 18, 2016, well after the 30-day deadline.

2.  The district court correctly determined that "Mike," the only non-diverse defendant, was fraudulently joined to defeat diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.") (alteration and internal quotation marks omitted). Because a district court may ignore the citizenship of a fraudulently joined defendant in determining whether diversity jurisdiction is present, *see Hunter v.*

*Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009), the court did not err by denying Tipton's motion to remand the case to state court.

3. Tipton also challenges the district court's grant of summary judgment in Zimmer's favor and its denial of her motion for a new trial. Tipton's motion was premised on the argument that "Mike" was not fraudulently joined and that the district court therefore lacked subject matter jurisdiction and could not enter judgment in Zimmer's favor. The additional information submitted by Tipton in support of her motion for a new trial, which the district court considered, did not establish that "Mike" was properly joined to her suit. The district court did not err by denying Tipton's motion.

**AFFIRMED.**