**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARKER R. HERRIOTT, | No. 17-56913 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-09181-JAK-GJS |
| v. | |
| SANOFI-AVENTIS U.S. LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Parker R. Herriott appeals pro se from the district court's order dismissing

his product liability and medical malpractice action and denying his motion to

remand to state court. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo subject matter jurisdiction and denials of motions to remand. *Ritchey v.*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998).  We affirm.

The district court properly concluded that Dr. Kneisley was fraudulently joined because the claims against Dr. Kneisley were barred by the statute of limitations.  *See* Cal. Civ. Proc. Code § 340.5 (statute of limitations for a California medical malpractice claim is "three years after the date of injury or one year after the plaintiff discovers … the injury, whichever occurs first."); *Drexler v. Petersen*, 209 Cal. Rptr.3d 332, 340 (Ct. App. 2016) (when a patient experiences appreciable harm, that appreciable harm will start the limitations period); *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("We have upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant."). Because Dr. Kneisley was fraudulently joined, the district court properly dismissed the claims against him, and because the remaining parties were diverse, the district court properly denied Herriott's motion to remand.  *See* 28 U.S.C. § 1332.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The request of Defendant Sanofi-Aventis to be removed from the electronic service list (Docket Entry No. 12) is granted.

**AFFIRMED.**

2